**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JEANETTA SMITH, A/K/A JEANETTE SMITH**                                    **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 1:15-CV-9-KS-RHW**

**UNION NATIONAL LIFE INSURANCE COMPANY,**
**KEMPER CORPORATION D/B/A KEMPER HOME**
**SERVICE COMPANIES AND JOHN AND JANE DOES A-F**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matters is before the Court on Plaintiff Jeanette Smith's ("Plaintiff") Response in Opposition to, and alternatively Motion to Stay, Kemper Corporation's Motion for Summary Judgment ("Motion to Stay") [12].  After considering the submissions of the party, the record, and the applicable law, the Court finds Plaintiff's motion to be well taken and should be granted.

### I.  BACKGROUND

Plaintiff filed her action on January 1, 2015, claiming that she was denied life insurance benefits that were duly owed to her under a life insurance policy taken out by Daisy Carter.  This policy was issued by Union National Life Insurance Company ("Union National"), but her complaints about the failure to pay benefits were answered by letters from "Kemper Home Service Companies."  Plaintiff brought suit against Union National, Kemper Home Service Companies, and Kemper Corporation ("Kemper").  The exact nature of the relationships between these entities is in dispute.

On April 10, 2015, Kemper brought its Motion for Summary Judgment [7], claiming that it was a holding company with no employees and no involvement in the investigation of Plaintiff's claims under the policy.  It further alleged that "Kemper Home Service Companies" was a name that Union National sometimes conducted business under.  In her response, Plaintiff asserted her

Motion to Stay [12], asking the Court to reserve ruling on Kemper's motion until discovery could be conducted on the nature of Kemper's relationship with Union National.

## II.  DISCUSSION

Kemper argues that it is entitled to summary judgment because Plaintiff can advance no evidence or legal theory under which it is liable for the alleged failures under the subject life insurance policy.  Plaintiff brought her Motion to Stay [12] in response to Kemper's Motion for Summary Judgment [7], claiming that she should be permitted to conduct discovery under Rule 56(d) before the Court rules on the summary judgment motion.

Federal Rule of Civil Procedure 56(d) states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Plaintiff's counsel has submitted an affidavit expressing a need for discovery to ascertain the exact nature of the relationship between Kemper and Union National. (*See* Cleave Affidavit [12-15] at ¶¶ 5-6.)  This affidavit in combination with her Motion to Stay [12] is sufficient for the Court to consider the merits of Plaintiff's Rule 56(d) request.  *See, e.g.*, *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991).

Motions for discover under Rule 56(d) "are broadly favored and should be liberally granted."  *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Int'l Shortstop, Inc.*, 939 F.2d at 1267).  The purpose of the Rule "is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment

2

motion." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009) (quoting *Wichita Falls*, 978 F.2d at 919). "Although a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course, the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Id.* (citations and internal quotation marks omitted). Vague assertions that discovery will reveal unspecified facts are insufficient. *See Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted). The party seeking a continuance is required to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* The decision to grant or deny a request for a continuance to conduct discovery is committed to the sound discretion of the trial court. *See Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1107 (5th Cir. 1991) (citing *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. Unit A 1980)).

Kemper argues that Plaintiff has put forward no competent evidence to defeat its motion for summary judgment. This Court found a similar argument insufficient to overcome a motion for discovery under Rule 56(d) in *Full House Resorts, Inc. v. Boggs & Poole Contracting Group, Inc.*, No. 1:14CV223-KS-MTP, 2015 WL 127284, at *14 (S.D. Miss. Mar. 27, 2015). Like in *Boggs*, Kemper filed its Motion for Summary Judgment [7] before the initiation of discovery before the case management conference was scheduled, and before initial disclosures were required, and now asserts it is entitled to summary judgment because Plaintiff is unable to adduce any evidence to defeat its motion. *See id.* Plaintiff's attorney states that discovery is needed to ascertain the exact nature of the relationship between Kemper and Union National and the extent

of Kemper's participation in the alleged torts. (*See* Cleave Affidavit [12-15] at ¶¶ 5-6.) He further claims that such discovery is likely, in his experience in similar cases, to show that Kemper had enough involvement in Union National to be held liable for failure to investigate Plaintiff's claims as either an adjuster or a co-principal. (*See id.* at ¶ 6.) The only evidence Kemper has produced in support of its summary judgment motion is the policy in question and an affidavit from a Union National vice president purporting to describe the nature of Kemper's relationship with Union National and its involvement in the alleged tortious conduct. As Kemper's basis for summary judgment is predicated on the amount of involvement it had in Union National, Plaintiff deserves the opportunity to conduct discovery for itself on the nature of the relationship between the two companies before the Court rules on Kemper's Motion for Summary Judgment [7].

Because motions under Rule 56(d) are to be treated liberally, the Court will err on the side of caution and permit discovery to proceed. *See Culwell*, 468 F.3d at 871. The Court therefore **grants** Plaintiff's Motion to Stay [12], and Kemper's Motion for Summary Judgment [7] will be **stayed** pending further discovery.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Stay [12] is **granted**. Kemper's Motion for Summary Judgment [7] will be **stayed** pending further discovery.

SO ORDERED AND ADJUDGED this the 26th day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE