**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **JEANETTA SMITH, A/K/A JEANETTE SMITH** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 1:15-CV-9-KS-RHW** |
| **UNION NATIONAL LIFE INSURANCE COMPANY,** <br> **KEMPER CORPORATION D/B/A** <br> **KEMPER HOME SERVICE COMPANIES** <br> **AND JOHN AND JANE DOES A-F** | **DEFENDANTS** |
| **UNION NATIONAL LIFE INSURANCE COMPANY** | **COUNTERCLAIMANT/** <br> **THIRD-PARTY PLAINTIFF** |
| **v.** | |
| **SANDRA CARTER,** <br> **MARSHALL FUNERAL HOME, INC., and** <br> **C & J FINANCIAL, LLC** | **THIRD-PARTY DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matters is before the Court on Third-Party Defendant Marshall Funeral Home, Inc.'s Motion for Summary Judgment [49]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I. BACKGROUND**

Plaintiff Jeanette Smith's ("Plaintiff") filed her action on January 1, 2015, claiming that she was denied life insurance benefits that were duly owed to her under the life insurance policy of Daisy Carter. This policy was issued by Union National Life Insurance Company ("Union National"). On December 29, 2015, Union National filed its Motion for Leave to File Amended Answer, Counterclaim and Third-Party Complaint [26], which sought leave to amend in order to add a counterclaim against Plaintiff and a third-party claim against Third-Party Defendants Sandra

Carter ("Carter"), Marshall Funeral Home, Inc. ("Marshall"), and C & J Financial, LLC ("C & J Financial"). This motion was granted, and Union National filed its Amended Answer, Counterclaim, and Third Party-Complaint [30] on January 1, 28, 2016. In it, Union National asserts, *inter alia*, that if it paid the wrong beneficiary, it has a claim for unjust enrichment against Carter, Marshall, and C & J Financial. Discovery has not yet begun in this case.

Marshall filed its Motion for Summary Judgment [49] in response to Union National's claim, arguing that it was entitled to judgment as a matter of law. The Court has considered each side's arguments and is now ready to rule.

## II. DISCUSSION

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476

2

F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.

Despite Marshall's insistence to the contrary, whether Plaintiff or Carter was the proper beneficiary under the life insurance policy is a question of material fact that is in dispute. Nothing in the record, either presented by Marshall in its motion or otherwise, conclusively establishes who the proper beneficiary is. As such, whether Marshall was properly paid by Union National is in dispute.

However, even if Union National paid Marshall under the mistaken belief that Carter was the beneficiary of the policy, that would be a mistake of fact, not of law as Marshall argues. The Mississippi Supreme Court has held that

> Money paid to another by mistake of fact, although such mistake may have been caused by payor's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment to him not been made.

*Mason v. S. Mortg. Co.*, 828 So.2d 735, 739 (Miss. 2002) (quoting *Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.*, 676 So.2d 266, 269 (Miss 1996)) (en banc). Therefore, even if Marshall's assertions that Plaintiff was indisputably the correct beneficiary and that Union National should have known that Carter was not, were true, Marshall has still not established that it is entitled to summary judgment as a matter of law. Under Mississippi law, if Union National, through its own negligence, issued monies under the policy to someone other than the beneficiary, it is entitled to bring an action

3

for unjust enrichment against the incorrect recipients to recover those monies. *See Mason*, 828 So.2d at 739.

Therefore, the Court finds that Union National has presented a colorable claim of unjust enrichment against Marshall under the applicable law. Other than its arguments that Union National should have known Carter was not the correct beneficiary and that it was right to rely on Union National's representation that she was, Marshall has presented no argument or evidence that would show that Union National's unjust enrichment claim must fail. Because the arguments it does present are insufficient, the Court will **deny** its Motion for Summary Judgment [49].

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Marshall's Motion for Summary Judgment [49] is **denied**.

SO ORDERED AND ADJUDGED this the 6th day of April, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE