IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEANETTA SMITH, A/K/A JEANETTE SMITH                                         PLAINTIFF

v.                                                            CIVIL ACTION NO. 1:15-CV-9-KS-RHW

UNION NATIONAL LIFE INSURANCE COMPANY,
KEMPER CORPORATION D/B/A
KEMPER HOME SERVICE COMPANIES
AND JOHN AND JANE DOES A-F                                                  DEFENDANTS


UNION NATIONAL LIFE INSURANCE COMPANY            COUNTERCLAIMANT/
                                                                               THIRD-PARTY PLAINTIFF

v.

SANDRA CARTER,
MARSHALL FUNERAL HOME, INC., and
C & J FINANCIAL, LLC                                                THIRD-PARTY DEFENDANTS


## ORDER

This matter is before the Court on Third-Party Defendant Marshall Funeral Home, Inc.'s ("Marshall") Motion for Reconsideration [60], in which Marshall asks the court to reconsider its previous ruling on its Motion for Summary Judgment [49].  In support of its motion, Marshall advances two arguments.  First, it argues that Third-Party Plaintiff Union National Life Insurance Company ("Union National") has produced no evidence to show that Sandra Carter was the proper beneficiary, and that the Court should therefore accept as true that Jeanette Smith was the proper beneficiary under the life insurance policy in dispute.  Marshall ignores, however, that, as the movant on summary judgment, it is its burden to produce evidence showing that Jeanette Smith was the proper beneficiary, which it did not do.  The only evidence presented by Marshall of this fact was a self-serving affidavit from its own funeral director, who would not have had first-hand

knowledge of the identity of the proper beneficiary. In the current motion, Marshall once again asks the Court to decide an ultimate issue of fact in this case on the basis of this affidavit, before discovery has even begun. The Court will not do so.

The only other argument Marshall advances in support of its Motion for Reconsideration [60] is an argument that the law precludes a recovery against it, as a recovery would put it in a worse situation than it would have been in if Union National had not paid them at all. Even if this argument were persuasive, it was not introduced in Marshall's original motion for summary judgment. As such, it is not appropriately presented in a motion for reconsideration. *See Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Because Marshall has presented no persuasive argument as to why the Court should reconsider its previous ruling, its Motion for Reconsideration [60] will be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Marshall's Motion for Reconsideration [60] is **denied**.

SO ORDERED AND ADJUDGED this the 11th day of April, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE