IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEANETTA SMITH , A/K/A JEANETTE SMITH**                    **PLAINTIFF /**
                                                              **COUNTER-DEFENDANT**

**VERSUS**                                              **CAUSE NO:  1:15cv9 KS-RHW**

**UNION NATIONAL LIFE INSURANCE COMPANY; Et Al.**          **DEFENDANTS**

**And**

**UNION NATIONAL LIFE INSURANCE COMPANY**                 **DEFENDANT/**
                                                           **COUNTERCLAIMANT/**
                                                           **THIRD PARTY PLAINTIFF**

**VERSUS**

**SANDRA CARTER, MARSHALL FUNERAL HOME, INC.**
**AND C&J FINANCIAL, LLC**                          **THIRD PARTY DEFENDANTS**

**And**

**MARSHALL FUNERAL HOME, INC.**                           **COUNTERCLAIMANT**

**VERSUS**

**UNION NATIONAL INSURANCE COMPANY**                       **COUNTERDEFENDANT**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT AND SUBSTITUTE JOHN DOE "F" DEFENDANT**

     Plaintiff files this Motion for Leave to File the Second Amended Complaint that is attached as "Exhibit 1", as follows:

**Introduction / Facts**

1. Plaintiff seeks to amend her Complaint to add claims against Union National and Kemper Corporation related to the pending claim for bad faith refusal to pay insurance benefits that either did not exist and/or were unknown by and unknowable to the Plaintiff when she filed her First Amended Complaint on January 15, 2015; and to substitute a Defendant whose identity was not

discovered (and could not reasonably have been discovered) until June 29, 2016 for previously named John Doe Defendant "F".

2. This Motion is timely, as it is being filed prior to the expiration of the deadline set for filing motions to amend pleadings and/or join additional parties set by this Court's [76] Case Management Order.

3. On June 29, 2016, Counsel for Plaintiff received a letter, sent by Federal Express overnight delivery, from Defendants' representative, Mr. Brabec, dated June 28th. Attached to the letter was a check, dated June 21, 2016, made jointly payable to Mrs. Smith and her attorneys in the amount of $10,398.96. The letter advised that "this check is being tendered without conditions."

4. Even though Defendants' duty to pay policy benefits to Mrs. Smith was triggered upon Defendants' notice of Daisy Carter's death on or about June 1, 2014, Defendants refused to make any unqualified tender of benefits until more than two years later, on June 29, 2016. Defendants' tender of this unqualified payment without any discovery having been answered in this case (the professed need of which was the affirmative basis on which Defendants based their request to file an amended answer and counterclaim) proves the frivolity of Defendants' defenses, claims and arguments in this case.

5. The check is drawn on the account of Kemper Corporate Services, Inc. This is the first notice to Plaintiff of the involvement of Kemper Corporate Services, Inc, an Illinois company that is registered to do and doing business in Mississippi. (See copy of check attached as "Exhibit 2") Clearly, this entity controls the purse strings of Union National, and has now been shown to be directly involved with the Plaintiff's claim.

6. Additionally, though unqualified, Defendant's payment of $10,398.96 on June 29, 2016 fails to comply with Defendants' requirements under the subject insurance contract and/or applicable Mississippi law. Defendants fail to make any reasonable explanation about how interest

was calculated on their tender of policy benefits, including what amount of interest was used, what principal amount it was calculated on, and for what date range it was calculated. It also appears that Defendants may be withholding an alleged "loan balance" from policy benefits owed to the Plaintiff, without having provided the Plaintiff with any loan agreement, proof of payment of loan proceeds to the Decedent, or other document evidencing a valid loan in the amount claimed by Defendants. Defendants also appear to have failed to calculate interest from the date of death through the date proceeds were paid to the Plaintiff, in violation of Mississippi law.

7. Plaintiff will need to conduct written discovery and depositions to fully uncover the role of this newly introduced party, who is being substituted for John Doe Defendant "F" in the proposed, attached Second Amended Complaint.

8. Plaintiff's proposed Second Amended Complaint contains new factual allegations outlining facts that occurred and/or of which Plaintiff first received notice after Plaintiff filed her First Amended Complaint; and sets forth new and additional claims premised upon those allegations. Although all of Plaintiff's new allegations and claims relate to the subject matter of the pending litigation, Plaintiff did not have sufficient information to articulate these facts or claims at the time she filed her First Amended Complaint.

## Law and Analysis

9. Rule 15(a)(2) controls the timing and process for amendments after a party files a responsive pleading. Fed.R.Civ.P. 15(a)(2). The rules states that "a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires." *Id.* "The decision to grant or deny a motion to amend pleadings is entrusted to the sound discretion of the district court." *Norman vs. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citing *Avatar Exploration, Inc. vs. Chevron, U.S.A.*, 933 F.2d 314, 320 ()5th Cir. 1991)).

10. The United States Supreme Court has held "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed.R.Civ.P. 15). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*, *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961) ("Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings.") Under Fed.R.Civ.P. 15, amendments to pleadings are liberally permitted. *Brandon v. Holt*, 469 U.S. 464 (amendment to pleadings permitted even on appeal to Supreme Court); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5ht Cir. 1981 (courts should not deny leave to amend unless a showing of both prejudice and substantial reasons for denial exist).

11. Plaintiff's motion for leave to amend seeks a determination, on their merits, of proper claims for relief.

12. Allowing Plaintiff to file her Second Amended Complaint will substantially advance this litigation and permit the Court to consider the merits of the case.

13. Accordingly, Plaintiff respectfully requests leave to amend her Complaint, as set forth in the proposed Second Amended Complaint attached as "Exhibit 1".

14. Plaintiff respectfully submits this motion is filed in good faith and in attempt to permit this Court to timely resolve all claims on their merits.

15. The other parties will not be prejudiced by the filing of this Motion or the proposed Second Amended Complaint. Plaintiff's motion is filed prior to the expiration of the deadline for such motions set by this Court; and discovery is in early stages. Although Plaintiff has propounded written discovery on Kemper and Union National, those requests have not yet been answered; and no written discovery requests have yet been served on the Plaintiff by any party.

16. As the nature of this Motion is clear on its face, Plaintiff respectfully requests she not be required to file a separate memorandum.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests leave of this Honorable Court to file her Second Amended Complaint, which is attached as "Exhibit 1", together with any and all additional relief, in favor of the Plaintiff deemed appropriate by this Honorable Court.

Respectfully submitted, this the 30th day of June, 2016.

>Jeanetta Smith a/k/a Jeanette Smith,
>Plaintiff / Counter-Defendant

By: */s/ Christopher C. Van Cleave*
    CHRISTOPHER C. VAN CLEAVE (MSB#10796)

ATTORNEYS FOR THE PLAINTIFF:
Clyde H. Gunn, III, Esquire
Christopher C. Van Cleave, Esquire
David N. Harris, Jr., Esquire
Corban, Gunn & Van Cleave
Post Office Box 1916
Biloxi, Mississippi 39533-1916
Phone: 228-432-7826  Fax: 228-456-0998
buddy@cgvclaw.com
christopher@cgvclaw.com
david@cgvclaw.com

**CERTIFICATE OF SERVICE**

I, Christopher C. Van Cleave, do hereby certify that on this date I electronically filed with the Clerk of Court through the ECF system, a true and correct copy of the above and same forwarded via the ECF system to:

    WILLIAM C. BRABEC (MSB NO. 4240) M.
    SCOTT JONES (MSB NO. 102239)
    **ADAMS AND REESE, LLP**
    1018 Highland Colony Parkway, Suite 800
    Ridgeland, Mississippi 39157
    Telephone: (601) 353-3234

Facsimile: (601) 355-9708
E-Mail: bill.brabec@arlaw.com
E-Mail: scott.jones@arlaw.com

JOSEPH P. HUDSON
HUDSON & SMITH
Post Office Box 908
1600 24th Avenue, Suite A
Gulfport, Mississippi 39502-0908
(228) 863-3095
E-Mail:  jhu8633095@al.com

CHAD J. HAMMONS (MSB NO. 10419)
JONES WALKER LLP
190 East Capitol Street, Suite 800
Post Office Box 427
Jackson, Mississippi 39201-0427
Telephone: (601) 949-4900
Telecopier: (601) 949-4804
E-Mail:  chammons@joneswalker.com

     This the 30th day of June, 2016.

                              By: */s/ Christopher C. Van Cleave*
                                   CHRISTOPHER C. VAN CLEAVE (MSB#10796)