IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEANETTA SMITH, A/K/A JEANETTE
SMITH                                                                                              PLAINTIFF

v.                                                           CIVIL ACTION NO. 1:15-CV-9-KS-RHW

UNION NATIONAL LIFE INSURANCE CO., et al.                         DEFENDANTS


UNION NATIONAL LIFE INSURANCE CO.                      COUNTERCLAIMANT/
                                                       THIRD-PARTY PLAINTIFF
v.

SANDRA CARTER, et al.                                  COUNTER-DEFENDANT/
                                                       THIRD-PARTY DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss [156] filed by Defendant Union National Life Insurance, the Motion to Dismiss [161] filed by Defendants Kemper Corporation, Kemper Corporate Services, Inc., and United Insurance Company of America, and the Alternative Motion for Leave to Amend Plaintiff's Complaint ("Motion to Amend") [169] and Alternative Motion for Leave to Amend Plaintiff's Complaint ("Motion to Amend") [173] filed by Plaintiff Jeanette Smith. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. the Partial Motion to Dismiss [156] should be granted in part and denied in part;

2. the Motion to Dismiss [161] is well taken and should be granted;

3. the Motions to Amend [169][173] are not well taken and should be denied.

## I. BACKGROUND

Plaintiff Jeanette Smith's ("Plaintiff") filed her action on January 13, 2015, claiming that she was denied life insurance benefits that were duly owed to her under a $10,000 life insurance

policy taken out by Daisy Carter. This policy was issued by Union National Life Insurance Company ("Union National"), but her complaints about the failure to pay benefits were answered by a letter from "Kemper Home Service Companies." In her Third Amended Complaint [124], Plaintiff brings claims against Union National, Kemper Corporation ("Kemper"), Kemper Corporate Services, Inc. ("KCS"), and United Insurance Company of America ("United") (collectively "Defendants").

Daisy Carter died on May 30, 2014. Marshall Funeral Home ("Marshall") initiated a claim on Plaintiff's behalf on June 1, 2014, and Union National represented to Marshall that the proper beneficiary under the policy was Sandra Carter, the decedent's daughter. Plaintiff wrote to Union National and received a letter on July 25, 2014, from Tanya Bolen, "Senior Executive Assistant" for "Kemper Home Service Companies" stating that there was "no paperwork on file stating the beneficiary was to be changed" to Plaintiff. (Third Amended Complaint [124] at ¶ 23.) The policy limits were paid out to Sandra Carter, with $8,446.58 deducted to pay Marshall for its funeral services and $766.71 deducted for a loan previously taken on the policy. In total, Sandra Carter received $786.71 under the policy. Plaintiff subsequently filed suit in January 2015.

On June 29, 2016, Union National tendered to Plaintiff a check for $10,398.96 in additional policy benefits. Plaintiff claims that this amount is insufficient and that more benefits are owed to her.

## II.  MOTIONS TO DISMISS [156][161]

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B. Union National's Partial Motion to Dismiss [156]

Union National moves to dismiss the three new causes of action in Plaintiff's Third Amended Complaint [124]: (1) continuing bad faith, (2) negligent and/or fraudulent misrepresentation and concealment, and (3) abuse of process/malicious prosecution.

#### 1. Continuing bad faith

There is no separate claim in the Third Amended Complaint [124] for continuing bad faith. Rather, there are claims for bad faith denial of benefits and breach of good faith and fair dealing, and Plaintiff alleges that Union National's behavior after the filing of this action has been evidence of continuing bad faith in support of these claims. Whether this type of evidence can be used to support Plaintiff's claims is not at issue in the matter at bar. Under a 12(b)(6) motion, the Court looks only at whether Plaintiff has asserted enough factual allegations to support the stated claims. Union National does not dispute that Plaintiff has stated adequate factual allegations to support her claims of bad faith denial and breach of good faith and fair dealing. It only disputes whether the so-calling "continuing bad faith" of Union National during the course of this action can be used

as evidence of this claim. If Plaintiff had not pleaded other factual allegations sufficient to support her claims, this question might be decisive. However, because Plaintiff has pleaded additional allegations, which is not and cannot be disputed, the Court finds that her claims should not be dismissed. The Partial Motion to Dismiss [156] will therefore be **denied** as to Plaintiff's claims for bad faith denial of benefits and breach of good faith and fair dealing.

### 2. Negligent and/or fraudulent misrepresentation and concealment

Both Plaintiff's claims for negligent and fraudulent misrepresentation/concealment require her to show reliance on the alleged misrepresentation and damages flowing from that reliance. *See Mladineo v. Schmidt*, 52 So.3d 1154, 1165 (Miss. 2010) (stating the elements for negligent misrepresentation); *McCord v. Healthcare Recoveries, Inc.*, 960 So.2d 399, 406 (Miss. 2007) (stating the elements for fraudulent misrepresentation). Plaintiff has not alleged that she relied on any misrepresentation from Union National to her detriment.

The only misrepresentations Plaintiff alleges occurred prior to her filing suit were those contained in the July 2014 letter stating there was no paperwork naming Plaintiff as a beneficiary under the policy.[1] Plaintiff makes no allegation, though, that she took any action in reliance of the information in this letter. Furthermore, in the facts section of her Third Amended Complaint [124], Plaintiff alleges no facts at all from the time she received the letter in July 2014 until the filing of her suit in January 2015. (*See* Third Amended Complaint [124] at ¶¶ 23-25.) Because Plaintiff has not alleged that she took any action or failed to take any action in reliance of the statements made in the July 2014 letter, the Court will **grant** the Partial Motion to Dismiss [156], and

---

[1] Plaintiff does allege misrepresentations that occurred after the filing of this suit, but considering the active litigation, the Court cannot find that Plaintiff relied on these alleged misrepresentations. Additionally, if Union National or any defendant has made misrepresentations during the course of this litigation, those misrepresentations should have been brought before the Court by motion, not through a claim of negligent and/or fraudulent misrepresentation.

4

Plaintiff's claims of negligent and/or fraudulent misrepresentation and concealment against Union National will be **dismissed with prejudice**.

### 3. Abuse of process/malicious prosecution

The Court would note at the onset of its analysis of these claims that Plaintiff cannot establish her malicious prosecution claim. This claim requires a termination in Plaintiff's favor of the wrongfully initiated legal proceedings. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999). The only allegations Plaintiff asserts regarding this claim are allegations of wrongful conduct in the present action, and no claim has been terminated in Plaintiff's favor in this action. As such, the Partial Motion to Dismiss [156] must be **granted** with respect to Plaintiff's malicious prosecution claim against Union National, and it will be **dismissed with prejudice**.

In support of her abuse of process claim, Plaintiff asserts that Union National's pleadings were illegal uses of process as they were premised on affirmative misrepresentations and concealment of documents and set forth claims for which there is no basis. An abuse of process is defined as "the misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ." *Ayles ex rel. Allen v. Allen*, 907 So.2d 300, 303 (Miss. 2005) (quoting *Williamson ex rel. Williamson v. Keith*, 796 So.2d 390, 393-94 (Miss. 2001)). "[T]he three elements of abuse of process are: (1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Id.* (citing *McLain v. West Side Bone & Joint Ctr.*, 656 So.2d 119, 123 (Miss. 1995)).

The Court has not been presented with any precedent which calls the filing of a responsive pleading, even one containing misrepresentations, "an illegal use of a legal process." *See id.* Furthermore, the Court has already ruled that Union National stated a "legally valid cause of action" in its counter-claim. (*See* Order [59] at p. 2.) However, even if Union National's pleadings

5

were enough to constitute an illegal use of process, Plaintiff has not adequately pleaded an ulterior motive. Plaintiff alleges that Union National's motive was to "obfuscate its own conduct in an attempt to shield itself from punitive damages." (Third Amended Complaint [124] at p. 33.) In other words, Plaintiff asserts that Union National's "ulterior motive" was to deny the alleged wrongfulness of its conduct and mitigate the damages to which it could be exposed. However, rather than being a "purpose not warranted or commanded" by the filing of a responsive pleading, this motive is one that is typically behind the filing of such pleadings. *See Ayles*, 907 So.2d at 303 (quoting *Williamson*, 796 So.2d at 393-94). Therefore, because Plaintiff has not sufficiently pleaded an ulterior motive in the filing of Union National's pleadings, the Court will **grant** the Partial Motion to Dismiss [156], and Plaintiff's abuse of process claim against Union National will be **dismissed with prejudice**.

  **C.** **Separate Defendants' Motion to Dismiss [161]**

Kemper, KCS, and United (collectively "Separate Defendants") bring their Motion to Dismiss [161], asking that all claims against them be dismissed for failure to state a claim. Plaintiff brings the following claims against the Separate Defendants: (1) breach of contract, bad faith, and breach of duty of good faith and fair dealing; (2) negligent and/or fraudulent misrepresentation and concealment; and (3) abuse of process/malicious prosecution. Because the allegations against the Separate Defendants are identical to those against Union National, the Court finds that Plaintiff's negligent and/or fraudulent misrepresentation claims and her abuse of process/malicious prosecution claims against the Separate Defendants fail for the same reasons as they do against Union National.[2] *See supra*, II.B.2-3. The Motion to Dismiss [161] will be **granted** with respect to these claims, and they will be **dismissed with prejudice**.

---

[2] The Court would also note that Plaintiff's abuse of process/malicious prosecution claims reference only pleadings filed by Union National as the basis for the claims and as such fail to state a claim against the Separate Defendants.

Plaintiff's remaining claims of breach of contract, bad faith, and breach of good faith and fair dealing all rest on the existence of an enforceable contract. *See Cook v. Wallot*, 172 So.3d 788, 800 (Miss. Ct. App. 2013) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224-25 (Miss. 2012) (listing elements for breach of contract); *Daniels v. Parker & Assocs., Inc.*, 99 So.3d 797, 801 (Miss. Ct. App. 2012) (quoting *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1207 (Miss. 2001)) ("The duty of good faith and fair dealing arises from the existence of a contract between parties."). The only contract alleged to have existed by Plaintiff in her Third Amended Complaint [124] is the policy issued by Union National.[3] Plaintiff does not argue otherwise. Instead, she contends that the Separate Defendants can be liable under Mississippi law under *Gallagher Basset Services v. Jeffcoat*, which holds that "an insurance adjuster, agent or other similar entities . . . can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." 887 So.2d 777, 784 (Miss. 2004) (quoting *Bass v. Cal. Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss. 1991)) (internal quotations omitted).

Even assuming Plaintiff had sufficiently pleaded, though, that the Separate Defendants were agents of Union National which could be held liable under *Jeffcoat*, Plaintiff misapplies this precedent. *Jeffcoat* holds that an insurance agent can be held liable for his independent tortious conduct, *not* for breaching a contract to which he is not a party. *See* 887 So.2d at 784. Plaintiff does not bring a tort against Separate Defendants for their independent conduct. Rather, she brings a breach of contract claim against them, as well as bad faith and breach of good faith and fair dealing claims which are dependent on the breach of contract claim. She does not argue that Union National entered into this contract on behalf of the Separate Defendants or that there is any conduct

---

[3] It is unclear to the Court if there were one or two policies issued by Union National, but it is clear that the policy or policies were issued by Union National and not the Separate Defendants.

7

by any of the defendants that would justify a piercing of their corporate veils.  Plaintiff gives no explanation as to why the Separate Defendants should be held liable for a breach of a contract to which they were neither parties nor beneficiaries.

Because a contract existed only between Daisy Carter and Union National, the Separate Defendants cannot be held liable for a breach of contract claim.  Therefore, the Motion to Dismiss [161] will be **granted** as to Plaintiff's claims of breach of contract, bad faith, and breach of good faith and fair dealing, and they will be **dismissed with prejudice**.

### III.  MOTIONS TO AMEND [169][173]

Both Plaintiff's Motions to Amend [169][173] request that the Court, instead of dismissing its claims under Defendants' Motions to Dismiss [156][161], allow her to amend her complaint in order to cure any pleading defects.  She argues in both motions that "Counsel for Plaintiff certifies that he reasonably believes that, through the pending discovery efforts, he can further support any claim in the Third Amended Complaint that this Court deems presently insufficient."  (*See* Motion to Amend [169] at p. 1; Motion to Amend [173] at p. 1.)

The Fifth Circuit directs the Court not to dismiss for failure to state a claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)).  Plaintiff has already amended her original complaint twice.  Furthermore, Plaintiff's assertion that she will be able to plead her claims with sufficient particularity after receiving discovery implies that she is asking the Court's permission to go on a fishing expedition.  The Court does not feel allowing Plaintiff to amend her complaint would be appropriate under these circumstances and will **deny** her Motions to Amend [169][173].

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Union National's Partial Motion to Dismiss [156] is **granted in part** and **denied in part**.

It is **granted** in that the following claims against Union National are **dismissed with prejudice**:  negligent and/or fraudulent misrepresentation and concealment, malicious prosecution, and abuse of process.

It is **denied** in that the claims of bad faith and breach of good faith and fair dealing remain pending against Union National.

IT IS FURTHER ORDERED AND ADJUDGED that the Separate Defendants' Motion to Dismiss [161] will be **granted**.  Plaintiff's claims against the Separate Defendants are **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [169] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [173] is **denied**.

SO ORDERED AND ADJUDGED on this the   14th   day of February, 2017.

                                                  s/Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE