IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTA SMITH, A/K/A JEANETTE SMITH | PLAINTIFF/ COUNTER-DEFENDANT |
| VS. | CAUSE NO. 1:15-CV-9-KS-RHW |
| UNION NATIONAL LIFE INSURANCE CO. | DEFENDANT |
| AND | |
| UNION NATIONAL LIFE INSURANCE CO. | COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF |
| VS. | |
| SANDRA CARTER, MARSHALL FUNERAL HOME, INC. and C&J FINANCIAL, LLC | THIRD-PARTY DEFENDANTS |

**MOTION FOR LEAVE TO FILE
ANSWER AND AFFIRMATIVE DEFENSES BY UNION NATIONAL LIFE INSURANCE
COMPANY TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND AMENDED
COUNTER CLAIM AND THIRD-PARTY COMPLAINT
OUT OF TIME**

Union National Life Insurance Company ("Union National") files this *Motion for Leave* (the "Motion") to file its *Answer and Affirmative Defenses by Union National Life Insurance Company to Plaintiff's Third Amended Complaint and Amended Counter Claim and Third-Party Complaint* (the "Answer," attached hereto as Exhibit "1") out of time under F.R.C.P. 6(b)(1)(B). In support, Union National shows the following:

### INTRODUCTION

1. Union National concedes that its Answer to Plaintiff's *Third Amended Complaint* (the "Third Amended Complaint," Dkt. # 124) was not filed within 14 days of the lifting of the stay in this matter. But under F.R.C.P. 6(b)(1)(B), this Court has "broad discretion" to grant

Union National leave to file its Answer out of time upon a showing of good cause and excusable neglect. *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012). The "'excusable neglect' standard is 'intended and has proven to be quite elastic in its application.'" *Id.* (citing Wright & Miller, Federal Practice and Procedure § 1165 (collecting cases)). In determining whether to grant such leave, courts weigh the following factors: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts*, 676 F.3d at 474 (internal citations omitted). Each of these factors weighs in Union National's favor here, and this Court should therefore grant this Motion and allow Union National to file its Answer out of time.

## FACTS

2. On January 13, 2015, Plaintiff filed her original complaint. (Complaint, Dkt. # 1.)

3. Thereafter, Plaintiff filed three additional amended complaints and sought leave to file a fourth, which attempt this Court denied. (*See* Dkt. ## 3, 123, 124; *See also* Order, Dkt. # 185.) Union National timely responded to each such amendment until the Court granted in part and denied in part Union National's Motion to Dismiss the Third Amended Complaint.

4. After service of Plaintiff's Third Amended Complaint, Union National filed its *Motion to Dismiss Plaintiff's Third Amended Complaint* under F.R.C.P. 12(b)(6) (the "Motion to Dismiss," Dkt. # 156),[1] which this Court granted in part and denied in part on February 14, 2017. (*See* Order, Dkt. # 185.)

5. On February 24, 2017, this Court lifted the stay of this proceeding that had been in place since October of 2016, thereby allowing the parties to begin conducting discovery in anticipation of trial. (*See* Order, Dkt. # 186 ("the stay of proceedings is hereby lifted and the

---

[1] Plaintiff never objected to the timeliness of the Motion to Dismiss and, thus, such issue was waived.

2

parties are permitted to conduct discovery"); *See also* Text Only Order, entered on October 13, 2016 staying matter.)

6. Due to a calendaring error by counsel for Union National, the Answer to Plaintiff's Third Amended Complaint was not filed within 14 days of the stay being lifted.

7. On March 23, 2017 (27 days after the stay was lifted and 13 days after the answer was due), Union National filed its Answer to Plaintiff's Third Amended Complaint and Amended Counterclaim/Third-Party Complaint ("Answer").[2]

**Argument**

8. Under F.R.C.P. 6(b)(1)(B), this Court has broad discretion to grant Union National leave to file its Answer out of time upon a showing of good cause and a demonstration that the failure to timely answer was the result of "excusable neglect." "Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance within the specified time period." 1-6 Moore's Federal Practice § 6.06[3]. "In federal civil procedure, 'excusable neglect' is a term of art [that] encompasses 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control.'" *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26-27 (1st Cir. 2013) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 388 (1993)). And "[w]hether neglect is excusable, so as to allow an extension of time, is essentially an equitable determination." 1-6 Moore's Federal Practice § 6.06[3]. In making that equitable determination, courts look to the following factors: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and

---

[2] Plaintiffs have filed a motion to strike the answer. [Dkt. No. 195]. This motion is intended to address and cure the timeliness issue in the motion to strike.

3

whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts*, 676 F.3d at 474 (internal citations omitted).

9.    For example, in *Salt v. Epps*, the State of Mississippi failed to file an objection to a magistrate judge's ruling within the time specified under F.R.C.P. 72. 676 F.3d 468, 474 (5th Cir. 2012). According to the State, its attorneys were experiencing difficulties with the court's electronic filing system. *Id.* Nevertheless, the State waited to file its objection. But in exercising its discretionary authority under F.R.C.P. 6(b)(1)(B), the district court allowed the State to file its objection out of time. *Id.* In affirming the district court's decision, the Fifth Circuit noted that the onus was indeed on the State to ensure that its electronic document was filed properly and on time, but the district court did not abuse its "broad discretion" in granting an extension, especially given the absence of prejudice to the opposing parties, the absence of any delay or negative impact on the proceeding, and the lack of evidence of any bad faith on the State's part. *Id.* 474-75. *See also Anderson v. Wells Fargo Bank, NA*, 2016 U.S. Dist. LEXIS 4277 at *5-6, No. 2:15-CV-88-KS-MTP (S.D. Miss. Jan. 13, 2016) (granting leave to file responsive pleading out of time where length of delay is negligible and where no evidence of prejudice or bad faith exists).

10.    Here, Union National filed its Answer out of time due to the inadvertence of counsel in neglecting to calendar the answer date following the ruling on the motion to dismiss. Union National now seeks leave to file its Answer out of time in good faith. Although clearly a calendaring error, this should be viewed in light of the numerous pleadings and amended pleadings filed in this matter, and also in light of the extensive motion practice to date and the stay of proceedings that was (until very recently) in place. Upon realizing its error, Union National promptly filed its Answer and respectfully requests that this Court grant Union National

4

leave to file its Answer out of time under F.R.C.P. 6(b)(1)(B). This Court should grant this Motion, as each of the factors set forth in the Fifth Circuit's decision in *Salt v. Epps* is met here.

11. First, there is no possible prejudice to the parties in allowing Union National to file its Answer out of time. This Court just very recently lifted the stay as to this proceeding in February of 2017 to allow the parties to begin discovery, and Union National's Answer was filed less than one month later. The parties—including Plaintiff—have ample time to take discovery related to the Answer and to otherwise prepare for a trial the date of which has not been set. Plaintiff cannot demonstrate that the delay in filing the Answer was in bad faith or that it would result in any prejudice.

12. Second, and related to the above, the length of Union National's delay in filing its Answer will not negatively impact this proceeding. Union National filed its answer only 37 days after this Court resolved Union National's Motion to Dismiss the Third Party Complaint, only 27 days after the Court lifted the stay of this proceeding and 13 days after the answer would otherwise be due. The parties have just now reinitiated discovery, and allowing Union National's Answer out of time will not delay that discovery or the trial in this matter. In fact, due to the stay in effect, a new trial date and scheduling order is required.

13. Last, as noted above, the reason for Union National's delay was the mere inadvertence counsel. While Union National concedes that the timely filing of its Answer was within its counsel's control, the delay was not the result of any neglect or bad faith on Union National's part. Instead, it was a mistake by its counsel in failing to calendar the answer date after the Court's February 14, 2017, order that was the sole cause of the delay.

14. Importantly, denial of this Motion would result in significant prejudice to Union National. If Union National is barred from filing its Answer, Plaintiff will likely attempt to

obtain a default judgment as to its Third Amended Complaint. "Default judgments are a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Stevenson v. Verizon Wireless (VAW), LLC*, 2009 U.S. Dist. LEXIS 5394 at *2-3 (N.D. Tex. Jan. 27, 2009) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Consequently, "default judgments are generally disfavored and should not be granted on the claim, without more, that the defending party has failed to meet a procedural time requirement." *Stevenson*, 2009 U.S. Dist. LEXIS 5394 at *2 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Given that denial of this Motion may result in a default judgment, the equities[3] certainly weigh in favor of allowing Union National to file its Answer out of time based on Union National's good faith and its counsel's excusable neglect.

15. The Amended Counterclaim and Third-Party Complaint was filed with the Answer as permitted and required by F.R.C.P. 13. The amended counter-claim does not allege any new causes of action. Instead, it removes one claim for declaratory relief against Plaintiff to bring the pleadings current to the facts and circumstances now existing. The amended counter-claim simplifies the case by deleting a claim that is now moot. Otherwise, it is essentially its previously-filed counterclaim and third-party complaint.

16. The Declaration of William C. Brabec is attached hereto and made a part of hereof as Exhibit "2".

**FOR THESE REASONS**, Union National respectfully requests that this Court enter an order granting this Motion and allowing Union National to file its Answer out of time.

---

[3] 1-6 Moore's Federal Practice § 6.06[3] ("Whether neglect is excusable, so as to allow an extension of time, is essentially an equitable determination").

RESPECTFULLY SUBMITTED, this the 5th day of April, 2017.

                    **UNION NATIONAL LIFE INSURANCE CO.**

      By: /s/ William C. Brabec
           William C. Brabec (MSB No. 4240)
           M. Scott Jones (MSB No. 102239)
           G. Austin Stewart (MSB No. 102570)
           ADAMS AND REESE LLP
           1018 Highland Colony Parkway, Suite 800
           Ridgeland, MS 39157
           Telephone:    601.353.3234
           Facsimile:     601.355.9708
           bill.brabec@arlaw.com
           scott.jones@arlaw.com
           austin.stewart@arlaw.com

## CERTIFICATE OF SERVICE

    I, hereby certify that, on this day, a true and complete copy of the foregoing was electronically served upon the Clerk of the Court and all parties of record in the proceeding through the ECF system.

Dated: April 5, 2017.

                                              /s/ William C. Brabec
                                              *Of Counsel*