IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JEANETTA SMITH, A/K/A JEANETTE SMITH | PLAINTIFF |
| v. | CIVIL ACTION NO. 1:15-CV-9-KS-RHW |
| UNION NATIONAL LIFE INSURANCE CO., et al. | DEFENDANTS |
| UNION NATIONAL LIFE INSURANCE CO. | COUNTERCLAIMANT/ THIRD-PARTY PLAINTIFF |
| v. | |
| SANDRA CARTER, et al. | COUNTER-DEFENDANT/ THIRD-PARTY DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Strike Answer to Third Amended Complaint ("Motion to Strike") [195] filed by Plaintiff Jeanette Smith and the Motion for Leave to File Answer ("Motion for Leave") [212] filed by Defendant Union National Life Insurance Company. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Leave [212] is well taken and should be granted. The Court further finds that the Motion to Strike [195] should be denied as moot.

## I. BACKGROUND

Plaintiff Jeanette Smith's ("Plaintiff") filed her action on January 13, 2015, claiming that she was denied life insurance benefits that were duly owed to her under a $10,000 life insurance policy taken out by Daisy Carter. This policy was issued by Union National Life Insurance Company ("Union National"), but her complaints about the failure to pay benefits were answered by a letter from "Kemper Home Service Companies." In her Third Amended Complaint [124], Plaintiff brings claims against Union National, Kemper Corporation ("Kemper"), Kemper

Corporate Services, Inc. ("KCS"), and United Insurance Company of America ("United") (collectively "Defendants").

Daisy Carter died on May 30, 2014. Marshall Funeral Home ("Marshall") initiated a claim on Plaintiff's behalf on June 1, 2014, and Union National represented to Marshall that the proper beneficiary under the policy was Sandra Carter, the decedent's daughter. Plaintiff wrote to Union National and received a letter on July 25, 2014, from Tanya Bolen, "Senior Executive Assistant" for "Kemper Home Service Companies" stating that there was "no paperwork on file stating the beneficiary was to be changed" to Plaintiff. (Third Amended Complaint [124] at ¶ 23.) The policy limits were paid out to Sandra Carter, with $8,446.58 deducted to pay Marshall for its funeral services and $766.71 deducted for a loan previously taken on the policy. In total, Sandra Carter received $786.71 under the policy. Plaintiff subsequently filed suit in January 2015.

On June 29, 2016, Union National tendered to Plaintiff a check for $10,398.96 in additional policy benefits. Plaintiff claims that this amount is insufficient and that more benefits are owed to her. Plaintiff filed her original Complaint [1] on January 13, 2015. She amended this complaint three times, filing her Amended Complaint [3] on January 15, 2015 and her Second Amended Complaint [123] and Third Amended Complaint [124] on September 16, 2016. The action was stayed on October 13, 2016, and all case management deadlines were suspended. (*See* Text Only Order, October 13, 2016.)

On February 14, 2017, the Court entered its Order [185] granting in part and denying in part Union National's Motion to Dismiss [156] and granting Kemper, KCS, and United's Motion to Dismiss [161]. On February 24, 2017, the Court lifted its stay of the proceedings and permitted parties to conduct discovery. (*See* Order [186] at p. 3.) No new case management deadlines have been set by the Court.

On March 23, 2017, Union National filed its Answer [192] to Plaintiff's Third Amended Complaint [124]. Plaintiff moved to strike the Answer [192] because it was untimely. Union National subsequently filed its Motion for Leave [212].

## II. DISCUSSION

### A. Motion for Leave [212]

A responsive pleading must be served within fourteen days of a denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] *See* Fed. R. Civ. P. 12(a)(4)(A). If a responsive pleading is not filed within this time, "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Fifth Circuit has noted that the district court "enjoys broad discretion to grant or deny an extension" and that "the excusable neglect standard is intended and proven to be quite elastic in its application." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (internal quotations and citations omitted). The circuit court points to four guiding factors in using this discretion: "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant acted in good faith." *Id.* (internal quotations and citations omitted.

Union National's Answer [192] was filed either 23 days or 13 days late, depending on whether the fourteen-day deadline began to run when the Court issued it ruling on the Motion to Dismiss [156] or when the Court lifted the stay on the proceedings. The Court need not decide which is proper, as it would not change its analysis.

---

[1] The Court does not consider the untimeliness of the previous Motion to Dismiss [156], as that issue was waived by Plaintiff through the lack of an objection.

3

The possibility of prejudice from allowing Union National to file its Answer [192] is low, as nothing in the pleading changes the course of the litigation. Plaintiff attempts to argue that the additional affirmative defenses prejudice her, but the only new defense pleaded is mistake, which is reasonable at this stage of the litigation, as all parties now appear to agree that Plaintiff was the proper beneficiary of the policy, a fact which was initially denied by Union National because it could not locate the change of beneficiary form.

The length of delay, whether 13 or 23 days, has a negligible impact on these proceedings, as no new scheduling deadlines have been set. The reason for the delay was Union National's attorney calendaring error, which was not within the control of Union National and which has been found by other courts in this circuit to be excusable neglect. *See, e.g., Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). Finally, there appears to be no evidence of bad faith on the part of Union National.

The Court would further note that not allowing Union National to file an answer to Plaintiff's Third Amended Complaint [124] would further delay these proceedings and waste judicial resources. If the Court were to strike Union National's Answer [192], Plaintiff would undoubtedly move for an entry of default on those grounds and then for default judgment. "[M]odern federal procedure favors trials on the merits," and the Court, when deciding whether to set aside default, "consider[s] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (citations omitted). Furthermore, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun*

*Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (alteration in original).

This case has been vigorously litigated by both sides until this point, and there have been multiple pleadings in this action by both Union National and Plaintiff. Even if Plaintiff were to obtain an entry of default against Union National based on this procedural timing issue, the Court would likely set it aside and not award default judgment. It is in the interests of judicial economy, then, to grant the Motion for Leave [212] and avoid any further delay.

Therefore, for the reasons stated, the Court finds that the Motion for Leave [212] should be **granted**.

### B. Motion to Strike [195]

Because Union National has been granted leave to file its Answer, the Motion to Strike [195] its Answer [192] will be **denied as moot**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Union National's Motion for Leave [212] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Strike [195] is **denied as moot**.

SO ORDERED AND ADJUDGED on this the  11th  day of May, 2017.

                                                  s/Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE