IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEANETTA SMITH, a/k/a JEANETTE
SMITH                                                                                          PLAINTIFF

v.                                                           CIVIL ACTION NO. 1-15-CV-9-KS-RHW

UNION NATIONAL LIFE INSURANCE
COMPANY, et al.                                                                               DEFENDANTS

## ORDER

This matter is before the Court on Defendant's Motion to Substitute Exhibit to its Motion for Summary Judgment [385] and Plaintiff's Motion to Strike Defendant's Motion to Substitute Exhibit [389]. For the reasons below, the Court finds that Defendant's Motion [385] is well taken and will be **granted**. Further, Plaintiff's Motion [389] is not well taken and will be **denied**.

This is a life insurance dispute. Plaintiff Jeanetta Smith has filed suit claiming that she was denied life insurance benefits owed to her under a $10,000 life insurance policy taken out by Daisy Carter with the policy number AD948400740 ("the Policy"). The Policy was issued by Defendant, Union National Life Insurance Company ("Union National").

There are several motions pending in this action. First, Union National filed its motion for summary judgment [357]. In its Motion for Summary Judgment, Union National stated that the interest rate for any delayed payment under the Policy was three percent (3%) and then cited the subject policy as Exhibit E.[1] Shortly after, Smith filed a motion to strike Union National's memorandum supporting its motion for summary judgment ("Plaintiff's First Motion to Strike") [378]. In Plaintiff's First Motion to Strike [378], under the heading "Exhibit E is a False Representation of the Subject Policy," Plaintiff argued that while Union National "offer[ed] an

---

[1] In actuality, Union National attached a policy in Daisy Carter's name with a different policy number: 70 20526342.

1

alleged duplicate of the subject policy," it in fact attached a policy that Union National had previously testified in a deposition to be an incorrect copy of the policy. Pl.'s Mem. Supp. Mot. to Strike Def.'s Mot. Summ. J. 30, ECF No. 379.

Union National, implicitly conceding that Plaintiff's First Motion to Strike had merit as to this issue, then filed a motion requesting leave to substitute Exhibit E with the correct version of the policy. Mot. Substitute Ex. Supp. Mot. Summ. J., ECF No. 385. In support, Union National submitted an affidavit of Timothy Anzenberger, one of Union National's attorneys, which stated that Exhibit E was the result of a Union National employee's unsuccessful attempt to create a duplicate of the Policy. Aff. Timothy J. Anzenberger ¶ 5, ECF No. 385-2. Anzenberger stated that it was his responsibility to attach the original policy as Exhibit E, but he attached the incorrect version by mistake. *Id.* at ¶ 6.

Plaintiff then filed her Motion to Strike Union National's Motion to Substitute Exhibit ("Plaintiff's Second Motion to Strike") [389]. In this motion, Plaintiff argued that Union National's Motion to Substitute was an untimely attempt to offer evidence in support of its Motion for Summary Judgment, as the motion's deadline had already passed. Pl.'s Second Motion to Strike ¶ 2, ECF No. 389. Plaintiff further argued that the affidavit of Anzenberger should be struck as it is not based on personal knowledge and was untimely. *Id.* at ¶ 3. Finally Plaintiff argued that her due process rights would be violated if Union National's motion was granted, as "[a]llowing Defendant to change the substantive basis of its motion at this point would deny Plaintiff due process in being able to respond to any arguments based thereon." *Id.* at ¶ 4.

The Court finds that Union National's request to substitute one of its exhibits is not an untimely dispositive motion. By definition, a dispositive motion asks that the Court dispose of a claim or party. Union National's motion simply asks that the Court allow it to substitute one of its

2

exhibits. Only the substituted exhibit will be considered in ruling on the Motion for Summary Judgment. Further, Mr. Anzenberger's affidavit is clearly based on personal knowledge with regard to his error in attaching the wrong policy.[2] As for Plaintiff's due process argument, Union National's Motion for Summary Judgment makes clear that it is referencing the life insurance policy that is the subject of this litigation.[3] Plaintiff's response makes equally clear that she understood the substantive basis of Union National's motion[4] and that Union National was referencing the Policy the parties have been fighting over for almost three years.

Thus, Defendant's Motion to Substitute Exhibit [385] is **granted**. Defendant may substitute Exhibit E to its Motion for Summary Judgment [357-20] with Exhibit A to its Motion to Substitute Exhibit [385-1]. Furthermore, Plaintiff's Second Motion to Strike [389] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 3rd day of January, 2018.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not determine whether Mr. Anzenberger has personal knowledge as to whether Exhibit E is an incorrect certification of the subject policy or an entirely different policy. It is enough for now that he has personal knowledge as to which document he intended to attach to Union National's Motion for Summary Judgment. While there is some debate between the parties as to whether Daisy Carter had two life insurance policies with Union National, the Court makes no ruling on this issue at this time.

[3] For example, Union National states at the beginning of its brief: "In April of 1994, Union National issued a life insurance policy to Daisy M. Carter in the amount of $10,000 ('the Policy')." Brief Supp. Mot. Summ. J. 3, ECF No. 358. The only reference to Exhibit E in Union National's brief reads: "The interest rate in the Policy was three (3%) percent. (*See* Policy at 10, attached as Exhibit 'E')." *Id.* at 9 n.2.

[4] Plaintiff's response reads: "Exhibit E is *not* a true or representative copy of Policy AD948400740." Pl.'s Mem. Opp. Union Nat'l Life Ins. Co.'s Mot. J. 15, ECF No. 381.